**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KAREN GAMEZ, as Personal Representative of the
Estate of Willian A. Gamez, aka Willin Armando
Gamez, aka William Armondo Gamez, Deceased, for
an on behalf of the survivors of the Estate of Willian A.
Gamez,

       **Plaintiff,**

-vs-                  Case No. 6:06-cv-716-Orl-22DAB

BREVARD COUNTY, FLORIDA; BREVARD COUNTY
SHERIFF JACK PARKER; LIEUTENANT MICHAEL C.
BROWN; SERGEANT STEPHEN A. FEASTER;
SERGEANT BRIAN K. SEELEY; CORPORAL
FREDERICK L. ABBEY; PRISON HEALTH SERVICES,
INC.; CIRCLES OF CARE, INC.; AMY DIAMOND; JOHN
DOE I; JOHN DOE II; and JOHN DOE III;

       **Defendants.**

_____

**ORDER**

This cause is before the Court on the Motion to Dismiss Amended Complaint by Defendants Parker, Brown, Feaster, Seeley, and Abbey (Doc. No. 34); Defendants Prison Health Services, Inc., and John Doe II's Motion to Dismiss Amended Complaint (Doc. No. 36); Defendant Brevard County's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 37); and on Defendants', Circles of Care, Inc. and Amy Diamond, Amended Motion to Dismiss the Plaintiff's Amended Complaint (Doc. No. 39).

On June 12, 2006 Plaintiff filed an Amended Complaint alleging violation of the decedent's civil rights pursuant to 42 U.S.C. §§1983 and 1985 (9 counts). The Amended

Complaint also contained state law tort claims (2 counts), and claims for wrongful death pursuant to §§768.16-768.27, Florida Statutes (3 counts).

The United States Magistrate Judge has submitted a Report recommending that the Motions be granted. Specifically, the Magistrate Judge recommended the §1983 claims be dismissed without prejudice, that the §1985 claim be dismissed with prejudice, that the state law tort claims be dismissed with prejudice, and that the Florida statutory wrongful death claims be dismissed without prejudice.

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendations.

*Sua sponte*[1], the Court will examine whether it should exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's claims for wrongful death pursuant to §§768.16-768.27, Florida Statutes. Title 28, United States Code, Section 1367 codifies the doctrines formerly known as pendent and ancillary jurisdiction. *Palmer v. Hosp. Auth. of Randolph County*, 22 F. 3d 1559, 1562 n.3 (11th Cir. 1994); *James v. Sun Glass Hut of California, Inc.*, 799 F. Supp. 1083, 1084 (D. Colo. 1992). Section 1367 (c) lists specific circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim joined with a claim over which the court has original jurisdiction. The district court may refuse to exercise supplemental jurisdiction if, *inter alia*, the state claim raises a

---

[1] *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1997 WL 312583 (9th Cir. June 12, 1997) (*en banc*; recognizing that although district court is not required to *sua sponte* consider whether to accept or decline supplemental jurisdiction, better practice is for it to do so) *supplemented by* 121 F.3d 714 (9th Cir. 1997).

"novel or complex issue of State law" or "substantially predominates over" the claim over which the court has original jurisdiction. 28 U.S.C. § 1367(c)(1) & (2). Additionally, a district court may decline to exercise jurisdiction over a state law claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c)(4). If, after examining the factors listed in § 1367(c), the district court "decides that it has the discretion . . . to decline jurisdiction . . ., it should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience, in deciding whether or not to exercise that jurisdiction." *Palmer*, 22 F. 3d at 1569.

Courts considering supplemental jurisdiction have declined to exercise jurisdiction in cases in which the state claims require different or foreign elements of proof. *See James*, 799 F. Supp. at 1085 (declining to exercise supplemental jurisdiction over employee's state law claims where they substantially predominated over ADEA claim). Additionally, courts in this circuit have hesitated to exercise pendent jurisdiction over state claims which would only serve to introduce jury confusion and delay. *See Bennett v. Southern Marine Mgmt. Co.*, 531 F. Supp. 115, 117-118 (M.D. Fla. 1982) (holding that combining Title VII and state tort and contract claims would cause confusion and delay, which is at odds with important federal policies underlying Title VII); *Williams v. Bennett*, 689 F. 2d 1370, 1380 (11th Cir. 1982) (affirming trial judge's exercise of discretion not to assert pendent party jurisdiction and deference to state court's resolution of the state law claim of assault and battery), *cert. denied*, 464 U.S. 932 (1983). Finally, courts have pointed to differences in recoverable damages as a basis for refusing to exercise supplemental or pendent jurisdiction. *See James*, 799 F. Supp. At 1085 ("all

the state law claims involve damages not available under ADEA"); *Bennett v. Southern Marine Mgmt. Co.*, 531 F. Supp. At 117 ("[T]hese state claims also support theories of recovery unavailable under Title VII; presentation of additional elements of damages necessarily involves additional discovery and trial time").

Having reviewed the allegations contained in the Amended Complaint (Doc. No. 31), this Court finds that the combining of Plaintiffs' §1983 federal law claims with Plaintiff's claims for wrongful death pursuant to §§768.16-768.27, Florida Statutes, would only serve to create jury confusion and delay, particularly with respect the different elements of damages. Finally, the Court notes that there are a multitude of substantive differences between the Plaintiffs' federal and state law claims.

After considering the other factors identified in *Palmer v. Hospital Authority of Randolph County*, the Court determines that the exercise of supplemental jurisdiction over Plaintiffs' claims for wrongful death pursuant to §§768.16-768.27, Florida Statutes, would not be appropriate.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed September 6, 2006 (Doc. No. 57) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Motion to Dismiss Amended Complaint by Defendants Parker, Brown, Feaster, Seeley, and Abbey (Doc. No. 34) is GRANTED as to Counts I, II, III, IV, XII, and XIV.  Counts I, II, III, and IV, as to Parker in his official capacity, are dismissed without prejudice.  Counts XII and XIV are dismissed with prejudice.

    3.    Defendants Prison Health Services, Inc., and John Doe II's Motion to Dismiss Amended Complaint (Doc. No. 36) is GRANTED. Count VIII is dismissed without prejudice. Counts IX and XIV are dismissed with prejudice.

    4.    Defendant Brevard County's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 37) is GRANTED as to Counts VI and XIV.  Count VI is dismissed without prejudice.  Count XIV is dismissed with prejudice.

    5.    Defendants', Circles of Care, Inc. and Amy Diamond,  Amended Motion to Dismiss the Plaintiff's Amended Complaint (Doc. No. 39) is GRANTED.  Count X is dismissed without prejudice.  Counts XI and XIV are dismissed with prejudice.

    6.    The Court declines to exercise supplemental jurisdiction over the claims for wrongful death pursuant to §§768.16-768.27, Florida Statutes, in Counts V, VII, and XIII. Those Counts are dismissed without prejudice.   Pursuant to 28 U.S.C. §1367(d), the limitations period for the claims asserted in those Counts is tolled for a period of 30 days after the date of this Order.

    7.    No later than October 12, 2006 Plaintiff shall file a Second Amended Complaint alleging only her §1983 claims that were not dismissed with prejudice.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on September 26, 2006.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record