# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KAREN GAMEZ, as Personal Representative of the
Estate of Willian A. Gamez, aka Willin Armando
Gamez, aka William Armondo Gamez, Deceased, for
an on behalf of the survivors of the Estate of Willian A.
Gamez,**

**Plaintiff,**

**-vs-**                                                          **Case No.  6:06-cv-716-Orl-22DAB**

**BREVARD COUNTY, FLORIDA; BREVARD COUNTY
SHERIFF JACK PARKER; LIEUTENANT MICHAEL C.
BROWN; SERGEANT STEPHEN A. FEASTER;
SERGEANT BRIAN K. SEELEY; CORPORAL
FREDERICK L. ABBEY; PRISON HEALTH SERVICES,
INC.; CIRCLES OF CARE, INC.; AMY DIAMOND;
JOHN DOE I; JOHN DOE II;  and JOHN DOE III;**

**Defendants.**

_____

## ORDER

     This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS PARKER, BROWN, FEASTER, SEELY AND ABBEY'S MOTION TO COMPEL AND FOR SANCTIONS (Doc. No. 67)** |
| **FILED:** | **October 30, 2006** |
| _____ | |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

     As set forth in the motion, these Defendants served Plaintiff with Interrogatories on August

11, 2006.  No timely responses were served.  Plaintiff's counsel requested additional time, and the

parties agreed that the responses would be served on October 16, 2006.  Defendants have asserted

(without contradiction by Plaintiff) that the responses provided that day were "evasive and deficient."

Defense counsel states that he contacted Plaintiff's counsel, offering more time, if needed, to supply

sufficient responses, and Plaintiff's counsel responded that he was too busy.  The motion was filed

October 30, 2006.

On October 31, 2006, Plaintiff filed what it called an "Unopposed Motion to Abate motion

to Compel for Thirty Days To Allow Plaintiff to File Proper Sworn responses Thereto" (Doc. No. 68).

 The Court granted that motion, in part, stating: "Plaintiffs' response to the motion to compel shall

be filed by November 30, 2006." (Doc. No. 71).  To date, no response has been filed.  As such, the

motion is unopposed.

In addition to being unopposed, the motion is due to be granted on its merits.  Plaintiff's

responses are woefully inadequate[1] and must be supplemented.  Plaintiff is **ORDERED** to provide

sworn, complete answers to Interrogatory Nos. 1-7, 10, 11, 14 and 16 within 11 days of the date of

this Order.  In view of the foregoing, motion costs in the amount of **$350** are imposed on Plaintiff's

counsel to be paid forthwith.

> **DONE** and **ORDERED** in Orlando, Florida on December 6, 2006.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1]For example, Interrogatory #1 asks Plaintiff to "Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident."  Plaintiffs' responded: "Objection. Question is compound, overly broad, unduly burdensome and predispose [sic] to lead to privileged discovery." The Interrogatory is clearly relevant, clearly not compound or overbroad, and no basis is asserted to support a finding of burden.  Moreover, the term "privileged discovery" is an oxymoron.  If privileged, a document is generally not discoverable.

-2-